United States District Court
Southern District of Texas
**ENTERED**
December 04, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FELIX GONZALEZ, SPN #02323610, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. H-18-2205 |
| HOUSTON POLICE DEPARTMENT, et al., | § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Felix Gonzalez (SPN #02323610) has filed a Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1) concerning an arrest that resulted in state court criminal charges. At the court's request Gonzalez has filed a "More Definite Statement" of his claims (Docket Entry No. 9). Because Gonzalez is incarcerated, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)&(2). After considering the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

Gonzalez was arrested by several unidentified police officers on November 1, 2016, and taken to the Harris County Jail, where he remains in custody as a pretrial detainee.[1] As a result of that arrest, Gonzalez is facing criminal charges in Harris County Cause Nos. 1529245 and 1529246.[2] Public records reflect that Gonzalez has been charged in Cause No. 1529245 with possession with intent to deliver at least 400 grams of methamphetamine and that he "used and exhibited a deadly weapon, namely, a firearm, during the commission of said offense and during the immediate flight from said offense."[3] Gonzalez has been charged separately in Cause No. 1529246 with possession of less than one gram of methamphetamine.[4] Both indictments are enhanced for purposes of punishment with allegations that Gonzalez has at least two prior felony convictions for possession of a controlled substance from Starr County in 2003 (Cause No. 02CR347) and possession of marijuana from Harris County in 2008 (Cause No. 1139424).

On June 28, 2018, Gonzalez filed the pending Complaint under 42 U.S.C. § 1983 against the Houston Police Department ("HPD") and

---

[1] Complaint, Docket Entry No. 1, p. 5; More Definite Statement, Docket Entry No. 9, p. 2.

[2] More Definite Statement, Docket Entry No. 9, p. 1.

[3] Indictment in Cause No. 1529245, available through the Harris County District Clerk's Office at https://www.hcdistrictclerk.com (last visited Nov. 30, 2018).

[4] Id.

Harris County, Texas.[5] Gonzalez alleges that the police officers who arrested him violated the Fourth Amendment when they stopped and searched the vehicle in which he was a passenger without a warrant.[6] Gonzalez also alleges that the officers used excessive force "without provocation" by forcibly removing him from the car, hitting him in the face, and slamming him to the ground, causing injury to his "right eye socket and right shoulder."[7] Gonzalez seeks a total of $4 million in compensatory damages for the violation of his rights.[8]

## II. Discussion

### A. Claims Against HPD

HPD is the primary defendant listed by Gonzalez. As a subdivision of the City of Houston, HPD lacks capacity and is not subject to suit. See FED. R. CIV. P. 17; Maxwell v. Henry, 815 F. Supp. 213, 215 (S.D. Tex. 1993); see also Darby v. Pasadena Police Dep't, 939 F.2d 311, 313-14 (5th Cir. 1991) (concluding that, as an agency or subdivision of the city, the police department lacked capacity to be sued as an independent entity). Accordingly, the claims against HPD must be dismissed.

---

[5]Complaint, Docket Entry No. 1, p. 1.

[6]Id. at 4.

[7]Id. at 5.

[8]Id.

## B. Claims Against Harris County

The only other defendant listed in the Complaint is Harris County. Gonzalez does not allege facts showing that any of the police officers involved in his arrest were employed by Harris County. Even if they were, a municipal entity is not vicariously liable under a theory of respondeat superior for wrongdoing committed by its employees. See Monell v. Dep't of Social Services of City of New York, 98 S. Ct. 2018, 2037 (1978). Gonzalez does not otherwise allege that his rights were violated as the result of a constitutionally deficient policy that is attributable to Harris County. Absent such a showing, Gonzalez has not stated an actionable claim against Harris County.[9] See Peterson v. City of Fort Worth, Texas, 588 F.3d 838, 847 (5th Cir. 2009) ("A municipality is almost never liable for an isolated unconstitutional act on the part of an employee; it is liable only for acts directly attributable to it 'through some official action or imprimatur.'") (quoting Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001)).

## C. Remaining Claims

Gonzalez does not identify any of the officers who participated in his arrest or attempt to name them as John Doe

---

[9]Applying this rationale to his claims against HPD, Gonzalez also fails to establish municipal liability against the City of Houston. See Piotrowski, 237 F.3d at 578.

defendants. Even if he did, any claim that officers violated the Fourth Amendment during the traffic stop and search incident to his arrest would be precluded by the rule in <u>Heck v. Humphrey</u>, 114 S. Ct. 2364 (1994). Under that rule a civil rights plaintiff cannot recover money damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," without first proving that the challenged conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." <u>Heck</u>, 114 S. Ct. at 2372.

Gonzalez's challenge to the traffic stop and ensuing search that resulted in his arrest implicate the validity of the drug possession charges that remain pending against him. <u>See</u> <u>Wallace v. Kato</u>, 127 S. Ct. 1091, 1099 n.5 (2007) ("[A] Fourth Amendment claim can necessarily imply the invalidity of a conviction, and [] if it does it must, under <u>Heck</u>, be dismissed."); <u>Johnson v. Bradford</u>, 72 F. App'x 98, 99 (5th Cir. 2003) (per curiam) ("There is no merit to [the plaintiff's] contention that his Fourth Amendment claims relating to the search of his apartment and seizure of cocaine are not barred by [<u>Heck</u>]."). Because these criminal charges remain pending against Gonzalez, any Fourth Amendment claim concerning the

stop and search that resulted in his arrest is subject to dismissal with prejudice at this time. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by Heck are "dismissed with prejudice to their being asserted again until the Heck conditions are met").

In addition, Gonzalez's claim that officers used unnecessary force during the traffic stop "without provocation" implicates the criminal charges asserted against him in Cause No. 1529245, in which the indictment states that while in possession with intent to deliver a controlled substance Gonzalez "used and exhibited a deadly weapon, namely, a firearm, during the commission of said offense and during the immediate flight from said offense."[10] A finding that Gonzalez used and exhibited a firearm during the offense or the immediate flight therefrom is relevant to whether the force used against him during the traffic stop was objectively reasonable and, therefore, not excessive in violation of the Fourth Amendment. See Graham v. Connor, 109 S. Ct. 1865, 1872 (1989) (explaining that the Fourth Amendment reasonableness inquiry is an objective one, which is determined in light of the facts and circumstances confronting the officers and not 20/20 hindsight).

To prevail on an excessive-force claim under the Fourth Amendment, "a plaintiff must show '(1) an injury that (2) resulted

---

[10]Indictment in Cause No. 1529245, available through the Harris County District Clerk's Office at https://www.hcdistrictclerk.com (last visited Nov. 30, 2018).

directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable.'" Windham v. Harris County, Texas, 875 F.3d 229, 242 (5th Cir. 2017) (quoting Hamilton v. Kindred, 845 F.3d 659, 662 (5th Cir. 2017)). Although Gonzalez alleges that he suffered minor injuries when force was used to effect his arrest,[11] he does not allege any facts to support a finding that the force was clearly excessive or unreasonable under circumstances involving an armed suspect. See, e.g., Graham, 109 S. Ct. at 1872 ("The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments — in circumstances that are tense, uncertain, and rapidly evolving — about the amount of force that is necessary in a particular situation."); Allen v. Cisneros, 815 F.3d 239, 246 (5th Cir. 2016) (Observing that "police officers may 'take such steps as [a]re reasonably necessary to protect their personal safety and to maintain the status quo during the course of [a traffic] stop.'") (quoting United States v. Campbell, 178 F.3d 345, 348-49 (5th Cir. 1999)). Such facts are necessary to state a plausible claim of excessive force in the Fourth Amendment context. See, e.g., Cobarobio v. Midland County, Texas, No. MO-13-cv-00111, 2015 WL 13608102, at *12 (W.D. Tex. Jan. 7, 2015) (dismissing an excessive-force claim for failure to allege sufficient facts), aff'd, 695 F. App'x 88 (5th Cir. 2017). Therefore, the excessive-

---

[11]More Definite Statement, Docket Entry No. 9, pp. 2-3, 4.

force claim raised by Gonzalez will also be dismissed for failure to state a claim upon which relief may be granted.

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. Felix Gonzalez's Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 (Docket Entry No. 1) is **DISMISSED with prejudice**.

2. The dismissal will count as a **STRIKE** for purposes of 28 U.S.C. § 1983.

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also send a copy of this Memorandum Opinion and Order to the Three-Strikes List at Three_Strikes@txs.uscourts.gov.**

**SIGNED** at Houston, Texas, on this 4th day of December, 2018.

SIM LAKE
UNITED STATES DISTRICT JUDGE